DECISION
Plaintiff appeals Defendant's penalty assessed for failure to timely file its 2007-08 personal property tax return. Oral argument was held on Tuesday, September 30, 2008. Carl W. Foster (Foster), Certified Public Accountant, appeared on behalf of Plaintiff. Vickie L. Ellinwood (Ellinwood) appeared on behalf of Defendant
 I. STATEMENT OF FACTS
Plaintiff failed to file its personal property tax return for tax year 2007-08. Because Plaintiff did not file its personal property tax return by March 1, 2007, and did not respond to Defendant's "no file letter" dated May 9, 2007, Ellinwood stated that Defendant prepared a "force file" return based on available information as of June 10, 2008. Plaintiff was assessed a late filing penalty in the amount of $395, which was stated on the October 2007 property tax statement sent to Plaintiff. Subsequently, in 2008, Plaintiff engaged the services of Foster, who filed Plaintiff's 2007-08 personal property tax return. That return listed personal property not previously reported on the "force file" return. Defendant assessed tax on the reported real market value and increased the late filing penalty to $728.22 based on the assessed tax. *Page 2 
Foster explained that Plaintiff is a business that was owned by Liz Warneke. In June or July 2006, Liz Warneke was diagnosed with pancreatic cancer. She passed away on February 22, 2007. According to Foster, her husband, Steve Warneke (Warneke), who worked in Plaintiff's shop, inherited the business. Foster stated that Warneke "was not aware of what Liz had done in the past" because she handled all the financial matters for the business. For over a year, Warneke tried to keep the business operating while coping with his wife's death and caring for their son, Kyle.
 II. ANALYSIS
Every person or business that owns "taxable personal property" is required to file a personal property tax return by "March 1" of each year. ORS 308.290(1)(a).[1] Plaintiff's business use of personal property is taxable and Plaintiff is required to file tax returns. If a return is not filed, ORS 308.296(4) states that any taxpayer responsible for filing a personal property return who or which has not done so "shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer." A taxpayer may appeal the penalty to this court. ORS 311.223(4). The court is granted the authority to "waive the liability for all or a portion of the penalty upon a proper showing of good and sufficient cause." ORS305.422. That statute does not include a definition for the term "good and sufficient cause." This court previously concluded that the definition found in ORS 305.288 is a useful guide. X-Ray Industries,Inc. v. Clackamas County Assessor, TC-MD No 060656E, WL 3491162 *1 (Nov 29, 2006) (citing Harold L. Center Pro Land Survey v. JacksonCounty *Page 3 Assessor, TC-MD No 020069C at 4, WL 1591918 (July 18, 2002). The term is defined in ORS 305.288(5)(b) as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
Plaintiff requests that the court waive the penalties assessed for its failure to file a personal property tax return reporting the real market value of its business property.
The facts of this case are simple and tragic. Within seven or eight months of being diagnosed with a life threatening condition, Plaintiff's owner and financial officer died. That certainly fits within the definition of an extraordinary circumstance beyond the control of the taxpayer. The impact of her death was a transfer of ownership to a grieving family member (husband). Another extraordinary circumstance followed from the first. A grieving husband and father faced the challenge of operating the business while assuming those responsibilities previously handled by his deceased wife and partner. The penalty assessed for the "force file" return is waived.
There is a second issue related to the assessed penalty. The amount of the penalty was increased when Foster filed Plaintiff's 2007-08 personal property tax return. Apparently for tax years 2005-06 and 2006-07, Plaintiff failed to report all its personal property. Omitted personal property totaled $39,325 for tax year 2007-08. There was no testimony stating that Plaintiff had good and sufficient cause for failing to report all its personal property in prior years. That portion of the penalty cannot be waived. *Page 4 
 III. CONCLUSION
After having carefully reviewed the evidence, the court agrees that Plaintiff had good and sufficient cause for failing to timely file its 2007-08 personal property tax return. In addition, the court concludes that Plaintiff did not have good and sufficient cause for failing to include all of its personal property on its returns filed in previous years. Now, therefore,
IT IS THE DECISION OF THIS COURT that the penalty assessed in the amount of $395 is waived.
Dated this ____ day of November 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onNovember 13, 2008. The Court filed and entered this document on November13, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1